

390 North Broadway – Ste. 140 | Jericho, New York 11753
Main Telephone: (516) 455-1500 | Facsimile: (631) 498-0478

DALLAS | NEW YORK | NAPLES

March 1, 2024

**Via ECF**

The Honorable Jessica G. L. Clarke
United States District Judge
United States Courthouse, Courtroom 20C
500 Pearl Street
New York, NY 10007

Re: *Vick v. Hudson Bay Master Fund Ltd. et al.*, Case No. 1:24-cv-00446
*Ex Parte* Letter Motion to File Under Seal

Dear Judge Clarke:

The Basile Law Firm P.C. (the "Firm") represents Plaintiff Shadwrick J. Vick ("Plaintiff") in the above-referenced action. Pursuant to Rule 5(e)(ii) of your Honor's Individual Rules and Practices for Civil Cases (the "Individual Rules"), we write to respectfully request permission to file under seal certain documents in support of the Firm's Motion for Leave to Withdraw as Counsel for Plaintiff (ECF 20 (the "Motion")). For the reasons set forth below, the Firm seeks to file under seal (1) the Declaration of Mark R. Basile in Support of the Motion (the "Declaration"), (2) the Memorandum of Law in Support of the Motion (the "Memorandum of Law"), and (3) the Certificate of Service[1] (collectively, the "Supporting Documents").

Although there is a presumption of public access to judicial documents, courts have "considerable discretion in determining whether good cause exists to overcome the presumption of open access to documents." *Geller v. Branic Int'l Realty Corp.*, 212 F.3d 734, 738 (2d Cir. 2000); *see also Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006) ("[T]he weight to be given the presumption of access must be governed by the role of the material at issue in the exercise of Article III judicial power and the resultant value of such information to those monitoring the federal courts…. [A]fter determining the weight of the presumption of access, the court must balance competing considerations against it … [including] the privacy interests of those resisting disclosure.") (citations and internal quotation marks omitted).

The Firm respectfully submits that there is little (if any) presumption of public access to documents concerning a private matter between a client and his counsel. *See In re Romeo Power Inc. Sec. Litig.*, 2023 U.S. Dist. LEXIS 101679, at *4-5 (S.D.N.Y. May 30, 2023) (granting counsel's *ex parte* request to file under seal certain documents in support of their motion for leave to withdraw

---

[1] The Certificate of Service contains "sensitive information" as defined in Rule 5(a) of the Individual Rules and the S.D.N.Y ECF Privacy Policy.

Judge Clarke
*Vick v. Hudson Bay Master Fund Ltd. et al.*
Case No. 1:24-cv-00446
March 1, 2024
Page **2** of **2**

as counsel because it was "necessary to prevent the dissemination of information implicating the attorney-client relationship" and the information was not material to any issue presented in the case) (citing *Lugosch*, 435 F.3d at 125). Indeed, this Court regularly permits documents in support of motions to withdraw as counsel to be filed *ex parte* and under seal where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel. *See id.*; *C.D.S. Inc. v. Zetler*, , 2017 U.S. Dist. LEXIS 43159, at *15 n.2 (S.D.N.Y. Mar. 23, 2017) (noting that it is "typical" for counsel seeking to withdraw "to submit its memorandum and any supporting materials ex parte given that the attorney-client relationship is implicated in the nature of its application"); *Weinberger v. Provident Life & Cas. Ins. Co.*, 1998 U.S. Dist. LEXIS 19859, at *2 (S.D.N.Y. Dec. 21, 1998) ("[I]t is appropriate for a Court considering a counsel's motion to withdraw to consider in camera submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

Accordingly, the Firm respectfully requests permission to file the Supporting Documents under seal in order to protect the confidentiality interests of Plaintiff. Should the Court require that the Firm publicly file redacted versions of the Supporting Documents pursuant to Rule 5(c) and (d) of the Individual Rules, the Firm shall do so. The Firm has already served Plaintiff with courtesy copies of the Motion and Supporting Documents, and will serve Plaintiff with the filed docket versions of the same.

Respectfully Submitted,

**THE BASILE LAW FIRM P.C.**

*/s/ Mark R. Basile*
Mark R. Basile, Esq.
Waleed Amer, Esq.
390 N. Broadway, Suite 140
Jericho, NY 11753
Tel.:   (516) 455-1500
Fax:   (631) 498-0478
Email: mark@thebasilelawfirm.com
           waleed@thebasilelawfirm.com

*Attorneys for Plaintiff Shadwrick J. Vick, derivatively on behalf of Vinco Ventures, Inc.*