USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X

SHADWRICK J. VICK, derivatively on behalf of Vinco Ventures, Inc.

                        Plaintiff,

            -against-                          24-CV-00446 (JGLC) (KHP)

HUDSON BAY MASTER FUND LTD., et al.,                      **ORDER**

                      Defendants.
------------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

On March 1, 2024, the Basile Law Firm P.C. (the "Firm"), filed a motion for leave to withdraw as counsel for Plaintiff. (ECF Nos. 20, 22-24.) The Firm asserts that there has been an irreconcilable breakdown in the attorney client relationship, but that Plaintiff does not consent to the withdrawal. The moving papers were provisionally filed under seal on an *ex parte* basis, and the Firm filed a motion to seal the papers in order to protect confidential and sensitive information. (ECF No. 21.)

The Motions to Withdraw and to Seal were addressed to the Honorable Jessica G. L. Clarke, however the Court notes that the Undersigned is referred for General Pretrial Supervision, which includes non-dispositive pre-trial motions such as these. Accordingly, further correspondence regarding the Motion to Withdraw and Motion to Seal should be addressed to the Undersigned.

**The Motion to Withdraw:** Before ruling on the Motion to Withdraw, the Court will provide Plaintiff the opportunity to state his position on the Motion. Accordingly, by **Wednesday, March 13, 2024**, Plaintiff shall submit a letter of **no more than 5 pages** that states

his position on the Motion to Withdraw, i.e., whether he consents or objects to the motion. If Plaintiff objects to the motion, the letter should include his reason for objecting, and should include any argument as to why withdrawal should not be granted. The letter may also succinctly state Plaintiff's version of the events leading up to the Motion to Withdraw, i.e., Plaintiff's side of the story, so to speak. Finally, the letter should advise the Court how much time Plaintiff will require to find new counsel in the event the Motion to Withdraw is granted.[1]

**Plaintiff shall provide his letter to his counsel, the Firm, and the Firm shall send the letter by email to Parker_NYSDChambers@nysd.uscourts.gov. The Firm shall ensure that Plaintiff understands his obligation to provide a letter to the Court in compliance with this Order and shall submit Plaintiff's letter to the Court per the above directions.**

Because Defendants have not made an appearance, the Court does **not** request that Defendants state their position, if any, as to the motion.

**The Motion to Seal:** Courts "routinely" allow papers submitted in connection with a motion to withdraw to be filed under seal "where necessary to preserve the confidentiality of the attorney-client relationship between a party and its counsel" and to protect the client from being prejudiced by the motion. *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165 (E.D.N.Y. 2006) (collecting cases); *see also Brown v. Montefiore Med. Ctr.*, 2022 WL 3332640, at *1 (S.D.N.Y. Aug. 12, 2022) (noting that papers filed in connection with a motion to

---

[1] Plaintiff is advised that, in the event the Motion to Withdraw is granted, Plaintiff will be required to find new counsel, and will not be permitted to proceed *pro se* (that is, to proceed without a lawyer), because this lawsuit is brought derivatively on behalf of Vinco Ventures, Inc., and a lay person is not permitted to bring a derivative lawsuit *pro se*. *Buhannic v. Am. Arb. Ass'n*, 2019 WL 4735005, at *4 (S.D.N.Y. Sept. 27, 2019); *see also LaMothe on behalf of Life Partners Holdings, Inc. v. Moran*, 2021 WL 3795324, at *3 (D. Conn. Aug. 26, 2021).

withdraw were permitted to be filed under seal to the extent they involved attorney-client communications and confidential information); *Weinberger v. Provident Life & Cas. Ins. Co.*, 1998 WL 898309, at *1 (S.D.N.Y. Dec.23, 1998) ("it is appropriate for a Court considering a counsel's motion to withdraw to consider *in camera* submissions in order to prevent a party from being prejudiced by the application of counsel to withdraw.").

Here, the Firm's papers in support of the Motion to Withdraw refer to sensitive and confidential attorney-client communications and the unsealing of these documents may prejudice Plaintiff in this litigation. Thus, I find that it is appropriate to grant the Firm's motion to seal in accordance with *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), and its progeny. Accordingly, the Motion to Seal at ECF No. 21 is GRANTED and the documents filed under seal at ECF Nos. 22, 23, and 24 may remain under seal.

**The Firm is directed to immediately serve this order, and a copy of its papers in support of the Motion to Withdraw, on Plaintiff, and to file proof of service on the docket.**

**The Clerk of the Court is respectfully directed to terminate the Motion at ECF No. 21.**

**SO ORDERED.**

DATED: New York, New York
March 4, 2024

*Katharine H. Parker*
KATHARINE H. PARKER
United States Magistrate Judge