```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/4/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X

SHADWRICK J. VICK, derivatively on
behalf of Vinco Ventures, Inc.

                                                                Plaintiff,

       -against-

HUDSON BAY MASTER FUND LTD., et al.,

                                                               Defendants.

**24-CV-00446 (JGLC) (KHP)**

**OPINION AND ORDER**
**ON MOTION TO WITHDRAW**

-----------------------------------------------------------------X

**KATHARINE H. PARKER, United States Magistrate Judge:**

On March 1, 2024, the Basile Law Firm P.C. (the "Firm"), moved to withdraw as counsel for Plaintiff and moved to seal the underlying papers in support of the motion. (ECF Nos. 20-24.) Thereafter, Plaintiff emailed the Chambers of the Honorable Jessica G. L. Clarke stating that he did not oppose the motion to withdraw but did oppose the motion to seal. Plaintiff also requested that the Court file his email submission on the docket. The Firm then sent an email to Judge Clarke's Chambers responding to Plaintiff's email.

This Court, unaware of Plaintiff's and the Firm's emails, filed an order (ECF No. 25) directing that Plaintiff advise the Court of his position on the motion to withdraw no later than March 13, 2024. The Court has now received the email submissions. Accordingly, to be clear, Plaintiff and the Firm are not required to make any further submissions in connection with the Motion to Withdraw.

As the Court noted in its prior Order, documents filed in connection with a motion to withdraw are typically filed *in camera* or under seal. Notwithstanding Plaintiff's request to the contrary, the Court declines to unseal the Firm's submissions or to publicly file the documents

submitted by Plaintiff, and instead will maintain these documents *in camera* and under seal to protect attorney-client confidences. However, Plaintiff is permitted to share his submission to the Court with his fellow shareholders.

The Court now turns to assessing the Motion to Withdraw. Withdrawal of counsel is governed by Local Civil Rule 1.4, which states:

> An attorney who has appeared as attorney of record for a party . . . may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

S. & E.D.N.Y.R. 1.4. The decision to grant or deny a motion to withdraw is within the district court's discretion. The Court should consider the reasons for withdrawal and the impact of the withdrawal on the timing of the proceeding. *Karimian v. Time Equities, Inc.*, 2011 WL 1900092, at *2 (S.D.N.Y. May 11, 2011) (citing S. & E.D.N.Y.R. 1.4).

Here, Plaintiff and the Firm agree that the reason for withdrawal is an irreconcilable breakdown in the attorney-client relationship. It is well established that this is a sufficient reason for withdrawal. *Id.* (collecting cases). The Court need not determine the "source of the strain" on the relationship or assign blame in deciding the motion to withdraw; the strained relationship alone is "sufficient grounds" for withdrawal. *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 2005 WL 1963945, at *1 (S.D.N.Y. Aug. 15, 2005). Accordingly, in finding that the attorney-client relationship has broken down, the Court does not ascribe blame to either Plaintiff or the Firm for the breakdown. Any potential claim for malpractice against the Firm is unrelated to this case and should be filed as a separate action.

Additionally, this action is still in a very early stage, and Defendants have not yet made an appearance. Accordingly, withdrawal will not have a significant effect on the action's timing. *See United States v. Cole*, 2022 WL 615046, at *2 (S.D.N.Y. Mar. 2, 2022) (finding that although permitting withdrawal may "be disruptive," this was not a reason to deny the motion).

Accordingly, the Motion to Withdraw is granted. Because this case is brought derivatively, Plaintiff cannot proceed *pro se*. *Buhannic v. Am. Arb. Ass'n*, 2019 WL 4735005, at *4 (S.D.N.Y. Sept. 27, 2019). Thus, the Court will stay this action for 60 days to allow Plaintiff the opportunity to find new counsel. Plaintiff's new counsel shall file a notice of appearance as soon as possible, and shall be prepared to attend the Initial Case Management Conference previously scheduled to occur on **May 6, 2024 at 10:30 a.m.** or to timely request a reasonable adjournment of that conference.

Because the Firm is not asserting any lien, the Firm is directed to immediately turn over all relevant files and work product *specific to this action* and to refund Plaintiff's retainer fee in accordance with the Firm's prior submissions to this Court. This Court takes no position as to Plaintiff's contention that he is entitled to additional work product from the Firm that is not specific to this action. Any dispute concerning documents not specific to this case must be addressed through a separate action.

## CONCLUSION

For the foregoing reasons, the motion to withdraw is GRANTED. The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 20 and to terminate Waleed Amer and Mark R. Basile as counsel of record for Plaintiff.

This action is stayed until **Friday, May 3, 2024**, to afford Plaintiff the opportunity to obtain new counsel and to allow counsel to get up to speed on the case.  New counsel must make an appearance by May 3, 2024.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Mark R. Basile, The Basile Law Firm P.C., 390 N. Broadway, Ste 140, Jericho, NY 11753.  The Firm is directed to immediately serve this order on Plaintiff and to file proof of service on the docket.

**SO ORDERED.**

DATED:	New York, New York
	March 4, 2024

_____
KATHARINE H. PARKER
United States Magistrate Judge