```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/8/2024
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X

SHADWRICK J. VICK, derivatively on
behalf of Vinco Ventures, Inc.

                                        Plaintiff,

                    -against-

HUDSON BAY MASTER FUND LTD., et al.,

                                        Defendants.
-------------------------------------------------------------------X

**24-CV-00446 (JGLC) (KHP)**

**ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

On March 4, 2024, the Court granted the Basile Law Firm's (the "Firm") motion to

withdraw as counsel for Plaintiff and directed the Firm to "immediately turn over

all relevant files and work product specific to this action and to refund Plaintiff's retainer fee in

accordance with the Firm's prior submissions to this Court."  (ECF No. 27.)  The Court also

issued a 60-day stay in this action to permit Plaintiff the opportunity to find new counsel.  The

Court advised Plaintiff that it took no position as to his contention that he is entitled to receive

work product from the Firm that is not specific to this action and that any dispute concerning

documents not specific to this case should be addressed through a separate action.  (*Id.*)

On March 7, 2024, Plaintiff sent a letter to the Court by email stating that he did not

believe his prior counsel had turned over his complete case file for this action.  Specifically,

Plaintiff stated that the Firm had provided him with an electronic zip file containing only 4 Excel

spreadsheets, the oldest of which was created on December 18, 2023, yet Plaintiff has had an

attorney client relationship with the Firm since July 2023.  Plaintiff requested that the Court

issue an order "addressing the discrepancy between the definition of a client file and the 4

Excel Spread sheets [sic]" that were turned over to Plaintiff and directing the Firm to turn over Plaintiff's entire client file.

The Firm submitted a letter by email responding to Plaintiff's letter and stating that the Firm complied with the Court's Order at ECF No. 27, and it had turned over "all email correspondence with our offices and the investigative report we prepared prior to commencing the action, including relevant statutes and decisions interpreting the same, and copies of the complaint," as well as "all documentation and information that we reviewed when preparing the pleading (e.g., EDGAR filings and historical trading prices for BBIG common stock) by virtue of the exhibits to the Complaint, as well as in the very work product that Mr. Vick claims is incomplete."  The letter stated that "[a] whistleblower interview was never conducted in preparation for this action, and we cannot deliver copies of mental impressions concerning our experience, familiarity, and expertise with Sections 15(a) and 29(b) of the Securities Exchange Act."  Mr. Basile further represented that the Firm had turned over additional work product to Plaintiff prior to the Court's Order granting the motion to withdraw.[1]  He invited Plaintiff to communicate directly with the Firm to identify any documents that Plaintiff believes have not been turned over.

As an initial matter, the Court advises Plaintiff and the Firm that because the Motion to Withdraw has already been granted, **all email submissions to the Court concerning the relationship between Plaintiff and his former counsel shall cease immediately**.  The Court

---

[1] Mr. Basile's letter also noted that Plaintiff's email to the Court had copied a recipient whose identity was unknown to the Basile Law Firm.  Plaintiff responded that he inadvertently copied this individual as a result of his email service auto-populating an incorrect email address and that the email address was not in service.

does not permit email communications or *ex parte* communications except in limited circumstances.  Moving forward, all submissions to the Court must be filed on ECF.

**As Plaintiff is now temporarily acting pro se, he must submit filings through the Pro Se Intake Unit.**  Plaintiff may direct questions regarding this procedure to the Pro Se Intake Unit at (212) 805-0175.  The Court's website offers additional guidance for pro se litigants.  See https://www.nysd.uscourts.gov/prose.  Plaintiff is encouraged to review that guidance.  Moving forward, the Court will also send correspondence to Plaintiff at the mailing address listed on his letters to the Court.  If that mailing address is not accurate, Plaintiff should advise the Pro Se Intake Unit.  Plaintiff can alternatively consent to receive documents by e-mail instead of by regular mail.  Instructions to consent to receive documents electronically and the electronic consent form are available on the Court's website at:

https://www.nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.

As a reminder, Plaintiff may not maintain this action on a *pro se* basis and must obtain counsel in order to continue prosecuting this case.  Plaintiff may only act *pro se* during the 60-day period while this case is stayed.  This deadline will not be extended.

**Turning to Plaintiff's request that the Court issue a supplemental order clarifying the meaning of a "client file," the request is DENIED**.  Since the motion to withdraw was granted, Plaintiff's recourse against his former law firm is in the state court.

Notwithstanding the above, the Court refers Plaintiff and his former counsel to *Sage Realty Corp. v. Proskauer Rose Goetz & Mendelsohn L.L.P.*, 91 N.Y.2d 30 (1997), which governs what documents a law firm must return to a client.  In that case, the petitioners had retained a law firm to provide legal services in connection with a mortgage financing and restructuring of

ownership interests in connection with certain properties.  The firm withdrew from representation and turned over much of the former clients' papers, but refused to turn over items such as internal legal memoranda, drafts of instruments, mark-ups, notes on contracts and transactions and ownership structure charts.  The petitioners commenced a special proceeding against the firm in the New York Supreme Court to recover the outstanding papers.

Ultimately, on appeal, the Court of Appeals of New York held that a client file consists of "any documents possessed by the lawyer relating to the representation," and former clients are "presumptive[ly]" entitled to "all work product materials" that are "possessed by the lawyer relating to the representation as the ... [former] client reasonably needs." *Id.* at 35.  The court noted that there exist "narrow exceptions" to this rule such as for firm documents intended for internal law office review and use. *Id.* at 37.  The court recognized that lawyers must have the ability "to set down their thoughts privately," for example, by recording "tentative preliminary impressions ... for the purpose of giving internal direction to facilitate performance of ... legal services." *Id.* (citation omitted).  The Court further held that the cost of assemblage and delivery of documents to the client is properly chargeable to the client.

**The Clerk of the Court is respectfully directed to: (1) mail a copy of this Order to Mark R. Basile, The Basile Law Firm P.C., 390 N. Broadway, Ste 140, Jericho, NY 11753; (2) mail a copy of this Order to the Plaintiff at Shadwrick J. Vick, 305 Trilith Pkwy Ste 300 #1660 Fayetteville, GA 30214; and (3) add Plaintiff's address, stated above, to the docket.**

**SO ORDERED.**

DATED:    New York, New York
            March 8, 2024

KATHARINE H. PARKER
United States Magistrate Judge